IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN ERIC JENNINGS, #145447, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:21-CV-570-WHA |
| | ) |
| ST. CLAIR COUNTY, | ) |
| | ) |
| Defendant. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by John Eric Jennings, a state inmate. In the instant complaint, Jennings challenges the constitutionality of his conditions of confinement at the St. Clair County Jail. Doc. 1 at 2–3.

Upon its review of the complaint, the court finds that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1406.[1]

### II. DISCUSSION

A 42 U.S.C. § 1983 "action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

---

[1] Upon initiation of this civil action, Jennings filed an application for leave to proceed *in forma pauperis*. Doc. 2. However, under the circumstances of this case, the court finds that a ruling on this application, including assessment and collection of any filing fee, should be undertaken by the United States District Court for the Northern District of Alabama.

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). When a case is filed "laying venue in the wrong division or district" the court may, "if it be in the interest of justice, transfer such case to any district . . . where it could have been brought." 28 U.S.C. § 1406(a); *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]"); 28 U.S.C. § 1631 (Providing federal courts the power to transfer a civil action to "cure a want of jurisdiction" where the transfer "is in the interest of justice[.]").

The St. Clair County Jail is located within the jurisdiction of the United States District Court for the Northern District of Alabama. Thus, the conditions about which Jennings complains occurred in that district. Moreover, the complaint indicates that any individuals personally involved with the alleged constitutional violations reside in the Northern District of Alabama. Under these circumstances, the claims asserted by Jennings are beyond the venue of this court, and it is clear from the complaint that the proper venue for this cause of action is the United States District Court for the Northern District of Alabama.

In light of the foregoing, the undersigned concludes that in the interest of justice and for the convenience of the parties, this case should be transferred to the United States District Court for the Northern District of Alabama for review and disposition.[2]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1406(a).

On or before **September 17, 2021**, Plaintiff may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects.  Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district

---

[2] In transferring this case, this court makes no determination with respect to the merits of Plaintiff's claims for relief.

court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE, on this the 2nd day of September, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge
